# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS,
# SAN ANTONIO DIVISION

| | |
|---|---|
| REBECCA REYNA § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO._5:20-cv-00305_ |
| § | |
| NORTH AMERICAN § | |
| DEVELOPMENT BANK § | |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff **REBECCA REYNA**, and files this Plaintiff's Original Complaint and Jury Demand, complaining of **NATIONAL DEVELOPMENT BANK**, hereinafter referred to as "Defendant" or "NAD", and would respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff, **REBECCA REYNA**, is a natural person who resides in San Antonio in the State of Texas, within the Western District of Texas, San Antonio Division.

2. Defendant **NATIONAL DEVELOPMENT BANK**, is a foreign for-profit corporation doing business in San Antonio, Texas, which is in the Western District of Texas, San Antonio Division. Defendant may be served by certified mail, return receipt to its Managing Director, Calixto Mateos-Hanel at: 203 South St. Mary's, Ste. 300, San Antonio, Texas 78205. A request for waiver of summons will first be issued.

## II.
## VENUE & JURISDICTION

1

3. Defendant is an international development bank involved in commercial activity and located in San Antonio, Texas and is subject to liability and the jurisdiction of this Court. Jurisdiction on the claim and involving liability is based on commercial activity with a sufficient nexus to the United States. *See* 28 U.S.C. §§ 1603, 1605(a)(2). Moreover, the claim and litigation is "based upon" either the commercial activity itself or acts performed in connection with the commercial activity. *See* § 1605(a)(2). Defendant is not subject to the immunities provided under the International Organizations Immunities Act of 1945, 59 Stat. 669, which grants international organizations a set of privileges and immunities, such as immunity from search and exemption from property taxes, which do not apply in this case. *See* 22 U.S.C. §§ 288a(c), 288c; see also *Jam v. International Finance Corporation*, 139 S.Ct. 759 (2019).

4. Plaintiff's claims arise under federal statute and state law. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law, Title VII of the Civil Rights Act of 1964, as amended, codified under Title 42 U.S.C. Section 2000e *et. seq.,* and pursuant to supplemental jurisdiction under Chapter 21 of the Texas Labor Code.

5. This Court has jurisdiction to hear the merits of Plaintiff's claims due to the federal question raised pursuant to the federal statutes cited above. Plaintiff brings claims under federal and state law.

6. Venue is proper in the Western District of Texas, San Antonio Division, because the events or omissions forming the basis of the suit occurred in this District. Venue is proper in this Court in that the Defendant conducts business within the division.

7. As of the time of filing, damages are within the jurisdictional limits of the court.

8. All claims are brought under federal statute and state law.

**III.**

**JURY DEMAND**

9. Plaintiff hereby tenders payment for and demand for trial by jury

**IV.**
**MISNOMER / MISIDENTIFICATION**

10. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**V.**
**BACKGROUND FACTS**

11. It is against federal and state law to harass an employee because of the person's sex. Harassment may include unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

12. It is further unlawful to retaliate against an employee for participating in a protected compliant process.

13. On or about October 2017, Defendants hired Plaintiff as an office assistant. Plaintiff's duties include front desk reception, kitchen and breakroom maintenance, order of office supplies, and procurement requests, among others.

14. In late 2017, NAD's Chief Executive Officer, Alex Hinojosa, began sexually harassing Plaintiff. Hinojosa subjected Plaintiff to forced sexual contact, groping, and inappropriate remarks of a sexual nature.

15. Because Hinojosa threatened Plaintiff with termination, Plaintiff complied with his demands.

16. On or about July 2018, Plaintiff began to refuse sexual contact from Hinojosa. Despite her refusal, Hinojosa continued to subject Plaintiff to a sexually hostile work environment with unlawful groping, continued harassment, and sexual remarks.

17. Hinojosa discouraged Plaintiff from reporting his conduct to Defendant, stated that Defendant's attorney "has my back", and that Defendant would not believe Plaintiff.

18. Then, on or about May 2019, Defendant's general counsel, Lisa Roberts, confronted Plaintiff about the "relationship" with Hinojosa. Defendant instructed Plaintiff to "avoid the CEO".

19. Following the meeting with Defendant, Hinojosa confronted Plaintiff, shook his finger at her and shook his head stating, "Bad girl". Plaintiff's immediate supervisor and Human Resources officer, Diana Rojas, observed Hinojosa confront Plaintiff. Plaintiff reported Hinojosa's the sexual harassment, but Rojas did not act.

20. Hinojosa proceeded to call and text Plaintiff throughout that weekend and beyond. In voice messages, Hinojosa warned Plaintiff, "I told you not to say anything", "I want to know who spoke to you", "You have to tell them we're just friends", etc. Hinojosa also threatened to contact Plaintiff's ex-spouse to interfere with custody of her minor son.

21. The following week, Plaintiff turned over Hinojosa's harassing text and voicemail messages to her supervisor and Human Resources officer, Rojas and Defendant's general counsel, Lisa Roberts.

22. On or about July 2019, Defendant subjected Plaintiff to a six-hour long interrogation by an outside law firm. Plaintiff was not represented by counsel, nor was she told she could obtain counsel prior to the interrogation. Plaintiff later learned Hinojosa resigned from NAD.

23. On or about July 26, 2019, Defendant's acting CEO, Calixto Mateos, and general counsel, Lisa Roberts, summoned Plaintiff to a meeting and placed her on a one-year probation period for allegedly not reporting her harasser's unlawful conduct.

24. Plaintiff was told she would not be eligible for promotion, bonuses, or a pay increase for the duration of her probation period. At the conclusion of the meeting, general counsel Roberts told Plaintiff, "At least you have your job", and instructed Plaintiff to take off the rest of the day.

25. It is considered unlawful retaliation to reprimand an employee or subject them to an adverse employment action such as a one-year probation period following a protected complaint of unlawful discrimination and harassment.

26. Plaintiff reported Hinojosa's unlawful conduct to her immediate supervisor and Human Resources officer, Diana Rojas, and to Defendant's general counsel, Lisa Roberts. After subjecting Plaintiff to a six-hour interrogation and immediately after Plaintiff's reports of sexual harassment, discrimination, and sexually hostile work environment, Defendant retaliated against Plaintiff by taking a materially adverse action against her.

## VI.
## DISCRIMINATION, RETIALIATION AND WRONGFUL TERMINATION BASED ON SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and THE TEX. LABOR CODE § 21.051, *et seq.*

27. Prior to her termination, Plaintiff faithfully served Defendant in her capacity as employee and faithfully performed all duties expected of her. The acts committed by the agents, servants and/or employees of the Defendant in discriminating against and wrongfully terminating Plaintiff based on her sex and based on the complaints made by her of sex discrimination all constitute violations of Title VII of the Civil Rights Act of 1964 and the Tex. Labor Code § 21.051, et seq., including §§ 21.051, 21.101, 21.125,

and any other applicable provisions.

28. As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, past and future, and lost employment benefits.

29. Others outside of Plaintiff's protected class were not treated similarly, being treated more favorably than Plaintiff.

## VII.
## DISCRIMINATION BASED ON SEX
## UNDER CHAPTER 21 OF THE TEXAS LABOR CODE

30. The evidence will demonstrate:

    a. Plaintiff belongs to a protected class based on sex;

    b. Plaintiff was qualified for her position; and

    c. Plaintiff was subjected to adverse employment action(s).

## VIII.
## RETALIATION BASED ON SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and THE TEXAS LABOR CODE § 21.051, et seq.

31. The evidence will demonstrate:

    a. Plaintiff engaged in a protected activity (including, but not limited to, making complaints of, participating in, and opposing discrimination);

    b. Plaintiff was subjected to adverse employment action(s); and

    c. There is a causal connection between the protected activity and Defendant's adverse action.

32. Prior to her termination, Plaintiff faithfully served Defendant in her capacity as an employee and faithfully performed all duties expected of her. The acts committed by the agents, servants, and/or employees of Defendant in retaliating against Plaintiff based on her opposition to sexual harassment and discrimination by Defendant's CEO

constitutes violations of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code § 21.051, et. seq.

33. Plaintiff opposition to and sex discrimination led to Plaintiff's termination.

34. Plaintiff's complaints to her immediate supervisor and Human Resources officer, Rojas, Defendant's general counsel, Lisa Roberts, and acting CEO, Calixto Mateos, resulted in retaliation and her wrongful termination.

35. Plaintiff herein contends Defendant generally violated the spirit and intent of the Texas Labor Code in that Defendant retaliated against Plaintiff and wrongfully took an adverse employment action against Plaintiff after her complaints of and sex discrimination and retaliation, opposition to discrimination and participation in the complaint process.

**36.** The evidence will also show that Defendant's reason for taking adverse employment actions against Plaintiff's employment are pretextual.

**37.** As a result of Defendant's unlawful sexual harassment and discrimination, Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

**38.** Defendant's alleged non-discriminatory, legitimate reason for placing Plaintiff on probation lacks credence.

### IX.

### **RESPONDEAT SUPERIOR**

39. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant company and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable

for such conduct under the doctrine of Respondeat Superior.

## X.
## DAMAGES

40. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

    b. Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount sufficient to compensate Plaintiff as the Court deems equitable;

    c. Pecuniary losses;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Expert fees as the Court deems appropriate;

    f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g. Pre and Post judgment interest as allowed by law and punitive damages;

    h. Mental anguish in the past;

    i. Mental anguish in the future; and

    j. Loss of benefits, promotional opportunities, and job status.

## XI.
## ADMINISTRATIVE FILINGS

41. Plaintiff dually filed her original verified complaint with the EEOC and the TWCCRD. Thereafter, Plaintiff received a "Notice of Suit" from the EEOC, giving Plaintiff notice of her right to sue Defendant within 90 days of its receipt. Plaintiff timely files her lawsuit.

**42.** Both the 180 day and the 300 day periods of time have passed since the filing of her TWCCRD and EEOC charges.

## XII.

## ATTORNEY FEES

43. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees authorized under Title VII and the Texas Labor Code in this case which would include at least the following:

    a. Preparation and trial of the claim, in an amount the jury deems reasonable;

    b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable; and

    c. An appeal to the Court of Appeals, in an amount the jury deems reasonable; and

    d. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both post and prejudgment interest as allowed by law, attorneys' fees and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**BY:   /s/** *Lorna R. Griffin*

**ADAM PONCIO**
**STATE BAR NO. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**STATE BAR NO. 24054488**
**abraun@ponciolaw.com**
**LORNA R. GRIFFIN**
**STATE BAR NO. 24109947**
**lgriffin@ponciolaw.com**

**ATTORNEYS FOR PLAINTIFF**